and the title was vested in him alone. Moreover, the former decision of this general term is conclusive on that question.

It is perhaps unnecessary to say that our decision does not justify the action of Quinn in making the purchase of this property with trust funds; on the contrary, such action was improper, and the persons entitled to the money used in making the purchase had the right by appropriate proceedings to have the property adjudged to belong to them, or they might require the trustee to account to them for the money so employed. But they could not have both. Baker v. Disbrow, 18 Hun, 29, affirmed in the court of appeals 79 N. Y. 631. In that case it was said:

"An improper investment is considered, as against the trustee, as equivalent to no investment, but in favor of the cestui que trust it gives an option to claim either the investment made or the respective amounts of the original fund with interest according as the one or the other may be most for his benefit."

It was the right of the beneficiaries, under the trusts in the Connell will, to have the entire estate converted into money; and, until they did some affirmative act looking towards an election to accept an interest in land, their interest was in the fund as personal property, and the control of the trustee over the land, and his duty to convert it into money, and his power to make such conversion, were full and complete. In the case of Rogers v. Paterson, 4 Paige, 409, a trustee of a legacy for an infant feme covert, which was invested on bond and mortgage in the name of the trustee, took a release of the equity of redemption, thus acquiring the legal title. The cestui que trust died during her infancy, and, whether the rights of the infant were those of an owner of land or of a beneficiary of a legacy, and also whether the property descended to her heirs at law or passed to her husband, were the questions presented, and it was held that it continued personalty, and passed to her husband. Our examination leads us to the conclusion that the plaintiff is entitled to judgment against the defendant for a specific performance of the contract. All concur.

---

## DITMAS v. BAAS.

(Supreme Court, General Term. Second Department.  December 12, 1892.)

1. CONSTRUCTION OF WILL—CONDITIONAL DEVISE.
     A testator devised land for 10 years, and provided in his will that at the end of that time the devisee should pay his estate $6,000 if he wished to buy the land. *Held,* that on default of the devisee to pay the money, the land descended to the testator's heirs.

2. EXECUTORS AND ADMINISTRATORS—RIGHT TO RETAIN DEEDS.
     Where land is devised for a term of years, and the remainder descends to the testator's heirs, the testator's executor, after expiration of the devised estate, has no right to retain, as against a purchaser from the heirs, an unrecorded deed conveying said land to the testator.

Appeal from special term, Kings county.

Action by Henry C. Ditmas against Berend Baas, individually, and as executor of Wilhelm Bouthrup, deceased, to obtain possession of an unrecorded deed to said Bouthrup from Catharine E. Cropsey and her husband. Bouthrup devised the land conveyed by the deed to Baas

"for the term of 10 years," and the will further declared: "I hereby direct that, at the expiration of said term, he, his heirs or assigns, shall pay to my estate the sum of $6,000, should he or they desire to purchase the property." Baas did not pay the $6,000, and the heirs of Bouthrup sold the land to Ditmas, who, after expiration of the 10 years, brought this suit. The lower court held that, at the expiration of the 10 years, Baas, not having elected to become the purchaser at $6,000, had no right, title, or interest in the property, and had no standing to defend the suit. Judgment for plaintiff. Defendant appeals. Affirmed.

Argued before BARNARD, P. J., and PRATT, J.

Benj. G. Hitchings, for appellant.

Frederick W. Holls, for respondent.

PRATT, J. We think the court below correctly construed the will, and that, upon the election of Baas not to purchase, the land descended to the heirs at law of the testator. As purchaser of the estate from the heirs at law, Ditmas had a right to the possession of the deed to his predecessor in the title. The judgment must, therefore, be affirmed; but, as the executor has mistaken his legal rights, the affirmance may be without costs.